IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENVEO CORPORATION, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 16-982 |
| | ) |
| v. | ) |
| | ) Judge Cathy Bissoon |
| UNITED STEEL, PAPER AND | ) |
| FORESTRY, RUBBER, | ) |
| MANUFACTURING, ENERGY, | ) |
| ALLIED INDUSTRIAL AND SERVICE | ) |
| WORKERS INTERNATIONAL UNION, | ) |
| AFL-CIO-CLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

Pending before the Court are cross Motions for Summary Judgment filed by Plaintiff Cenveo Corporation (**Doc. 32**) and Defendants United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union ("USW") and United Steelworkers, 198-G ("Local") (herein collectively "Defendants" or the "Union") (**Doc. 30**). For the following reasons, Plaintiff's Motion for Summary Judgment (**Doc. 32**) will be DENIED and Defendants' Motion for Summary Judgment (**Doc. 30**) will be GRANTED.

**A. BACKGROUND**

Plaintiff Cenveo Corporation ("Cenveo" or "Plaintiff") is a Pennsylvania corporation that maintains a plant engaged in the production of envelopes, custom labels and commercial printing. Am. Compl. (Doc. 23). At all times material to this case, Cenveo and the Union have been parties to a collective bargaining agreement ("CBO"). Id. at ¶ 6. Plaintiff alleges that Dontay Stokes ("Stokes") threatened to physically harm a supervisor and that, pursuant to a Last

Chance Agreement ("LCA"), a subsequent grievance filed by the Union challenging Stokes's termination ("Grievance") is not arbitrable. Id. at ¶ 5.

The parties have provided a joint statement of undisputed material facts ("Joint Statement"), which includes the following facts. Dontay Stokes is a former employee of Cenveo and was a bargaining unit employee under the terms of the CBA. Joint Statement (Doc. 29) at ¶ 7. On December 23, 2015, Cenveo terminated Stokes for allegedly violating Cenveo's Workplace Violence Policy ("Policy"). Id. at ¶¶ 8-9. The Union grieved that termination. Id. at ¶ 10. On March 16, 2016, Cenveo and the Union entered into the LCA. Id. at ¶ 11. The LCA provides:

> I, Dontay Stokes, by affixing my seal and/or signature, acknowledge, in the presence of and witnessed by Cenveo management and USW Local 198G representation, that I have been issued disciplinary actions in accordance with progressive discipline guidelines as provided for in Cenveo Mt. Pleasant, PA Plant Rules. Additionally, I confirm that, I am subject to the last and final step of the progressive disciplinary process, which terminates my employment.
>
> I am in complete agreement and understanding that this agreement permits me to continue as an active employee, on a non-precedent setting basis, at the Cenveo Mount Pleasant Facility, with the stipulation if I have a violation of Cenveo Workplace Violence Policy, in the next six (6) month period, that generates a warning, it will result in immediate termination. Further, I consent to waive all bargaining unit agreement rights to the grievance process regarding such termination and agree to hold harmless, Cenveo management, USW Local 198G and its officers or representatives for such actions with respect to such termination.
>
> My signature to this agreement serves as verification that this agreement has been explained to me and that I fully understand and agree to the terms and conditions set forth in this document.

Id.

After being reinstated, Stokes reaffirmed his commitment to Cenveo's Workplace Violence Policy by again signing for a copy on March 25, 2016. Id. at ¶ 12. Cenveo alleges that Stokes violated the Policy by threatening to physically harm a supervisor, and on April 25, 2016,

Cenveo terminated Stokes for this alleged violation. Id. at ¶ 13. The Union contends that Stokes did not make the alleged threat. Id. at ¶ 14.

On May 4, 2016, the Union filed the Grievance challenging Stokes's termination. Id. at ¶ 15. Cenveo denied the Grievance, and maintains that the Grievance is not arbitrable under the terms of the LCA. Id. at ¶ 16. The Union maintains that the Grievance is arbitrable. Id. at ¶ 17. On October 26, 2016, Plaintiff filed a two-count amended complaint in this Court, seeking a Declaratory Judgment (Count I) and Injunction (Count II). Id. at ¶ 1.

Plaintiff filed the instant Motion for Summary Judgment on December 14, 2016. Pl.'s Mot. for Summ. J. (Doc. 32). Defendants filed their Motion for Summary Judgment on December 14, 2016. Def.'s Mot. for Summ. J. (Doc. 30). Defendants allege that the grievance challenging Stokes's second termination is arbitrable and contend that arbitration should be compelled. Id.

## B. ANALYSIS

Where a collective bargaining agreement contains an arbitration clause, there is a presumption of arbitrability. See United Steel Workers of America v. Century Aluminum of Kentucky, 157 Fed. Appx. 869 (6th Cir. 2005) (citing AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986)). The presumption of arbitrability may be overcome, however, if the collective bargaining agreement contains an "'an express provision excluding a particular grievance from arbitration,'" United Steelworkers of America v. Lukens Steel, 969 F.2d 1468, 1474 (3rd Cir. 1992) ("Lukens Steel") (citing AT&T, 475 U.S. at 650). In general, "[s]ettlement agreements (such as the Last Chance Agreements) between parties to a collective bargaining agreement containing a broad arbitration clause are arbitrable when the underlying disputes are arbitrable, except when the parties expressly exclude

3

the settlement agreements from arbitration." Id. (citing Niro v. Fearn International, Inc., 827 F.2d 173, 175 (7th Cir. 1987)). "[W]hen there is no express exclusion, only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." Id. (citing AT&T, 475 U.S. at 650). The party contesting the presumption of arbitrability bears the burden of producing "strong and forceful" evidence of an intention to exclude the matter from arbitration. Id. (citations omitted).

In Lukens Steel, the Court of Appeals for the Third Circuit considered whether an employer was obligated to arbitrate a dispute under a last chance agreement. In that case, the last chance agreement provided that if any of the employees who were subject to its terms were suspended for one of the conditions set forth in the agreement:

> [H]e will be afforded an opportunity to plead his case before the Disciplinary Committee. The disposition of the Disciplinary Committee shall be final. Neither Mr. Smith nor the Union shall have recourse through the arbitration/grievance procedure to protest the suspension or disposition invoked by the Disciplinary Committee.

Id. at 1472. The union argued that the above waiver merely precluded an employee from challenging the *penalty* assessed, not the initial determination as to whether there was a violation. The Third Circuit agreed, reasoning that, because the last chance agreement did not specify who was to make the initial determination of whether the employee has committed a violation, the agreement did not preclude using the grievance and arbitration procedures to resolve this threshold question. Id. at 1476.

Plaintiff argues that, unlike in Lukens Steel, the LCA here contains a clear and express waiver of not *some*, but *all* rights to arbitration. Specifically, the LCA states that Stokes agreed "to waive all bargaining unit agreement rights to the grievance process regarding such termination." Doc. 29 at ¶11. This, Plaintiff argues, is "strong and forceful" evidence that the

4

parties intended to exclude from arbitration the threshold issue of whether Stokes violated the Policy. Doc. 33 at 7. In response, the Union argues that, because the LCA does not expressly state who will make the initial determination as to whether Stokes violated company policy, arbitration of that issue is proper. Def.'s Mem. in Supp. (Doc. 31) at 6. The Union notes that every court that has interpreted a last chance agreement following Lukens Steel has found the underlying dispute arbitrable unless the agreement expressly states that a particular party (other than an arbitrator) will determine the threshold of guilt. Id. at 7.

The Court agrees with the Union, and finds that Cenveo has not presented "strong and forceful" evidence that Stokes waived his right to arbitrate the threshold issue of guilt. Indeed, Stokes's agreement "to waive all bargaining unit agreement rights to the grievance process *regarding . . . termination*" could be interpreted as a waiver only of his right to arbitrate his termination in the event that an arbitrator finds that he has violated the Policy. Plaintiff relies on Sterrett v. Giant Eagle, Inc., 2015 WL 791401 (W.D. Pa. Feb. 25, 2015), but that case is readily distinguishable. Doc. 33 at 8. In Sterrett, the last chance agreement states: "In the event that plaintiff is determined *by the Company* to have committed any dishonest act . . . the Company will have the right to discharge [Plaintiff]." Sterrett, 2015 WL 791401, at *4 (emphasis added). In contrast, the LCA at issue here does not explicitly state who will determine the threshold issue of guilt. Instead, the LCA provides that "if [Stokes has] a violation of Cenveo Workplace Violence Policy, in the next six (6) month period, that generates a warning, it will result in immediate termination." Doc. 29 at ¶ 11. Such language leaves open the possibility that it will be an arbitrator, and not the Company, that will determine whether Stokes violated the Policy. Because the language of the LCA can be read to support either the Union's or Cenveo's position, the presumption of arbitrability applies.

5

## II.  ORDER

For the reasons stated above, Defendants' Motion for Summary Judgment (**Doc. 30**) is **GRANTED**, and Plaintiff's Motion for Summary Judgment (**Doc. 32**) is **DENIED**.  Consistent with the foregoing, Plaintiff's Complaint is DISMISSED with prejudice.  Plaintiff is hereby ORDERED to arbitrate the Grievance.  A judgment order pursuant to Federal Rule of Civil Procedure 58 will follow.

    IT IS SO ORDERED.


September 13, 2017

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All counsel of record